MORAN LAW GROUP, INC.
CATHLEEN COOPER MORAN, I.D. #83758
RENÉE C. MENDOZA, I.D. #139939
643 Bair Island Road, Suite 403
Redwood City, CA 94063
Tel.: (650) 694-4700
Fax: (650) 368-4818
E-mail: Cathy@moranlaw.net

Attorney for Debtor

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA, DIVISION 5

| | |
|---|---|
| In Re: | Chapter 13 |
| ROBERT SHAINE JONES, | Bankruptcy No. 19-51613 |
| | Date: TO BE DETERMINED |
| | Time: TO BE DETERMINED |
| | Place: 280 S. First St. |
| | Courtroom 11 |
| | San Jose, CA 95113 |
| Debtor. | |
| _____ | HON. M. ELAINE HAMMOND |

**POINTS AND AUTHORITIES IN SUPPORT OF**
**MOTION TO SELL FREE AND CLEAR OF LIENS**

Bankruptcy Code § 363(f) permits the sale of property free and clear of liens under certain circumstances.

(f) The trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if—
(1) applicable nonbankruptcy law permits sale of such property free and clear of such interest;
(2) such entity consents;
(3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
(4) such interest is in bona fide dispute; or
(5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

In the present case, the secured claims of Brownpenny, LLC and Donald and Eloise Patton are subject to bonafide dispute, as developed below. The sale price of the property

as a whole is $930,000.

**The sale**

Debtor owns a one half interest in a parcel of real property commonly known as 400 Teilh Drive, Boulder Creek, California, (the "Property") more particularly described as Exhibit A to the Motion to Sell Free and Clear of Liens.

Debtor and his co tenant have entered into a contract for the sale of that property. Declaration of Cathleen Cooper Moran, Ex. B. The sale was noticed to creditors on October 9 and 10, 2019. See Request for Judicial Notice, Ex A. The sale contract provides for close of escrow on November 4, 2019.

Since the motion to sell was filed, it has become apparent that two of the claims secured against the Property are subject to disputes or uncertainties that may not be resolved prior to the contractual close of escrow. Sale of the property free and clear of the disputed liens is in the best interest of Debtor and his creditors.

**Lien of Brownpenny LLC**

Brownpenny, LLC holds a first position consensual lien. See the preliminary title report attached to the Declaration of Cathleen Cooper Moran as Ex. A.

Brownpenny has filed a proof of claim in the case as Claim #1. See Request for Judicial Notice, Ex. B. The Proof of Claim assets a total due of $657, 603 including $63,308 in interest due and fees and costs of $15,362.

Unfortunately, the information provided is neither complete nor internally consistent. The note calls for monthly payments of $5370; the monthly payment in Part 4 of the Mortgage Attachment is $8206. Fees due in Part 2 are listed at $15,362.68, and at $18,015 in Part 3.

Further, the Mortgage Attachment included in the claim pursuant to FRBP 3001 fails to include any information called in Part 5 of the Mortgage Attachment.

Without the detail and timeline information needed for Part 5, Debtor cannot analyze Brownpenny's claims to interest, fees and costs. Debtor is in the process of filing an objection to the claim.

**Judgment lien of Patton**

Donald Patton and Eloise Patton are judgment creditors with respect to Debtor's interest in the Property pursuant to an abstract of judgment recorded May 7, 2019. See Declaration of Cathleen Cooper Moran, Ex. A.

As a statutory lien, it may be avoided to the extent that it impairs an exemption to which the debtor is entitled. Bankruptcy Code § 522(f). Debtor intends to avoid the lien in whole or in part, depending on the allowance of the Brownpenny lien.

The first meeting of creditors in this case was continued at the hearing on September 30, 2019 to November 18, 2019, because Debtor lacked proof of his social security number. He has claimed an exemption in the property of $100,000. Pursuant to FRBP 4001(b)(1), parties in interest may objection to claims of exemptions until 30 days following the conclusion of the first meeting of creditors.

Thus a motion to avoid the lien in whole or in part is not timely until the amount of the senior lien is determined and the claim of exemption becomes final.

**Proposed distribution**

As Debtor's objections to the claim of Brownpenny are limited to its claims of interest, fees and costs, Debtor proposes that Brownpenny's principal claim of $578,932.47 be paid from escrow and its lien transferred to the proceeds of sale, after payment of closing costs including realtor's commission with the same force and effect as the lien had on the real estate.

The claim of Patton should be transferred in its entirety to the net proceeds of sale until such time as Debtor's exemptions become final and a motion to avoid the lien can be filed.

Debtor's counsel is willing to hold the net proceeds from escrow in a separate interest bearing account should the court so order.

**CONCLUSION**

The court is requested to grant the motion to sell the Property free and clear of that portion of the Brownpenny claim representing interest, fees and expenses and of the

entirety of the Patton judgment lien, with the liens attaching to the proceeds of sale with the same force and effect as the liens have on the real property; and the net proceeds be held until further order of this court.

MORAN LAW GROUP

Date: 10/18/2019        /s/ Cathleen Cooper Moran
                        CATHLEEN COOPER MORAN
                        Attorney for Debtor